**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SYEDA NEELOFAR BOKHARI, | ) | NO. CV 17-1668-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on March 1, 2017, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 28, 2017.

Plaintiff filed a motion for summary judgment on July 5, 2017. Defendant filed a motion for summary judgment on August 4, 2017. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 8, 2017.

**BACKGROUND**

Plaintiff, a former retail sales associate, alleges disability since February 16, 2012, based primarily on lower back problems (Administrative Record ("A.R.") 20-260, 266-1441). Beginning in 2012 and continuing through at least 2016, four of Plaintiff's treating physicians opined that Plaintiff's impairments restrict her to less than a light work capacity: Occupational Medicine physician Dr. Barbara E. Scott so opined in 2012 (A.R. 418); Orthopedic Surgeon Dr. David Heskiaoff so opined in 2012 (A.R. 1394); Internist Dr. Randall Caldron so opined in 2012 and 2013 (A.R. 1413, 1434); and Primary Care Physician Dr. Monique George so opined in 2014 and 2016 (A.R. 571, 586).

An Administrative Law Judge ("ALJ") found that Plaintiff has severe lower back impairments, at all relevant times, retained the residual capacity to perform light work (A.R. 22-30). The ALJ referenced the opinions of Dr. Scott and Dr. George, although not in the portion of the ALJ's decision which evaluates Plaintiff's residual capacity (A.R. 23, 25, 27-30). The ALJ did not expressly state any reasons for the implicit rejection of Dr. Scott's and Dr. George's opinions. The ALJ expressly rejected the opinions of Dr. Heskiaoff and Dr. Caldron (A.R. 28-29).

The ALJ denied disability benefits after concluding that a person having a capacity for light work could perform Plaintiff's past relevant work (A.R. 30-31). The Appeals Council denied review (A.R. 1-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007); see also <u>Brewes v. Commissioner</u>, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

///
///

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

The ALJ must "consider" and "evaluate" every medical opinion of record. See 20 C.F.R. § 404.1527(b) and (c) (applying to claims filed before March 27, 2017). In this consideration and evaluation, an ALJ "cannot reject [medical] evidence for no reason or the wrong reason." Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981). Nor can the ALJ make his or her own lay medical assessment. See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (a hearing examiner not qualified as a medical expert should not make his or her own exploration and assessment of a claimant's medical condition) (citation omitted).

Under the law of the Ninth Circuit, the opinions of treating physicians command particular respect. "As a general rule, more weight should be given to the opinion of the treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted). A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating

physicians' opinions). Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

In the present case, the ALJ erred by failing expressly to state any "specific, legitimate" reason for rejecting the opinions of Dr. Scott and Dr. George. The ALJ did not mention these opinions when discussing Plaintiff's residual capacity. The only references in the ALJ's decision to the opinions of Dr. Scott and Dr. George occur in the section discussing whether Plaintiff's impairments are "severe" (A.R. 22-27). In that section, the ALJ concluded that Plaintiff's lower back impairments are "severe" (A.R. 22).

Defendant points out similarities between the opinions of Dr. Scott and Dr. George and the opinions of Dr. Heskiaoff and Dr. Caldron. From these similarities, Defendant argues that the Court should assume that, if the ALJ had explicitly considered the opinions of Dr. Scott and Dr. George in relation to the evaluation of

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

Plaintiff's residual capacity, the ALJ would have rejected those opinions for the same reasons the ALJ stated for rejecting the opinions of Dr. Heskiaoff and Dr. Caldron. The Court is reluctant to make such an assumption. A trier of fact conceivably might deem the confluence of similar opinions by <u>four</u> treating physicians (of differing specialties) over a <u>four</u> year period to be more persuasive demonstration of disability than similar opinions by <u>two</u> treating physicians over a <u>two</u> year period. Moreover, a court ordinarily should not speculate regarding the unstated bases for an ALJ's conclusions. See <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's conclusion. . . ."); <u>see also</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003) (Ninth Circuit reversed the district court's decision where the district court had affirmed on the basis of reasons supported by the record but unstated by the ALJ); <u>cf.</u> <u>Trevizo v. Berryhill</u>, 862 F.3d 987, 1004 n.10 (9th Cir. 2017) (placing significance on where a particular discussion occurs within an ALJ's decision; "[b]ecause the discussion of those issues is not in the section of the ALJ's decision addressing the [claimant's] symptom testimony, they are not properly considered credibility findings").

The ALJ also erred by failing to state "specific, legitimate" reasons for rejecting the opinions of Dr. Heskiaoff and Dr. Caldron. The ALJ stated as one of the reasons for rejecting these opinions a supposed failure to prescribe "more than mild, conservative treatment

modalities" (A.R. 28). The Ninth Circuit recently has stated that "the failure of a treating physician to recommend a more aggressive course of treatment, absent more, is not a legitimate reason to discount the physician's subsequent medical opinion about the extent of disability." Trevizo v. Berryhill, 862 F.3d at 999. In any event, the record appears to reflect that one or more of Plaintiff's treating physicians recommended more than "mild, conservative treatment," including an epidural injection, referral to a pain management clinic and referral to a neurosurgical evaluation (A.R. 416, 1386).

The ALJ also appeared to assert that there were inconsistencies between the treating physicians' opinions and treating physicians' findings/treatment, as well as inconsistencies between the treating physicians' opinions and Plaintiff's daily activities (A.R. 28-29). An ALJ properly may discount a treating physician's opinions that are in conflict with treatment records or are unsupported by objective clinical findings. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (conflict between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings"); Connett v. Barnhart, 340 F.3d at 875 (treating physician's opinion properly rejected where physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); see also Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly may reject treating physician's opinions that "were so extreme as to be implausible and were not supported by

7

any findings made by any doctor . . ."); 20 C.F.R. §§ 404.1527(c), 416.927(c) (factors to consider in weighing treating source opinion include the supportability of the opinion by medical signs and laboratory findings as well as the opinion's consistency with the record as a whole). A material inconsistency between a treating physician's opinion and a claimant's admitted level of daily activities also can furnish a "specific, legitimate" reason for rejecting a treating physician's opinion. See, e.g., Rollins v. Massanari, 261 F.3d at 856. However, the ALJ's reliance on these stated reasons for rejecting Dr. Heskiaoff's and Dr. Caldron's opinions is not supported by substantial evidence.

With regard to the alleged inconsistency between the treating physicians' opinions and the treating physicians' findings/treatment, no doctor of record discerned any specific inconsistency. The ALJ's lay discernment in this regard cannot constitute substantial evidence. See Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (an "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion") (internal quotation marks and citation omitted); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); Day v. Weinberger, 522 F.2d at 1156 (an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record). For example, neither the ALJ nor this Court possesses the medical expertise to know whether a restriction to the lifting of no more than 10 pounds is inconsistent with negative Patrick, Trendelenburg Sign or Lasegue's testing.

With regard to the perceived inconsistency between the doctors' opinions and Plaintiff's admitted daily activities, no material inconsistency readily appears. For example, Plaintiff's reported ability to walk significant distances each day is not necessarily inconsistent with an inability to lift more than 10 pounds.

Defendant argues that the ALJ properly relied on the opinions of the non-treating physicians. The ALJ's preference for the opinions of the non-treating physicians in the present case does not constitute a "specific, legitimate" reason for rejecting the opinions of Dr. Heskiaoff and Dr. Caldron. The contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirement of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2007); Orn v. Astrue, 495 F.3d at 631-33; Lester v. Chater, 81 F.3d at 830-31.

The Court is unable to deem the errors in the present case to have been harmless. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (even though the district court had stated "persuasive reasons" why the ALJ's failure to mention the treating physician's opinion was harmless, the Ninth Circuit remanded because "we cannot 'confidently conclude' that the error was harmless"); Treichler v. Commissioner, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency"); see also Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-

disability determination") (citations and quotations omitted); <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the errors discussed herein. <u>McLeod v. Astrue</u>, 640 F.3d at 888; <u>see also</u> <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); <u>Dominguez v. Colvin</u>, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); <u>Treichler v. Commissioner</u>, 775 F.3d at 1101 n.5 (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, <u>inter alia</u>, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); <u>Harman v. Apfel</u>, 211 F.3d 1172, 1180-81 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record. <u>See</u> <u>Marsh v. Colvin</u>, 792 F.3d at 1173 (remanding for further administrative proceedings to allow the ALJ to "comment on" the treating physician's opinion).

Moreover, it is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if the treating physicians' opinions were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 18, 2017.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be an appropriate remedy at this time.

11